# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSE ALBERTO GUTIERREZ,** | § | **CV. NO. SA-13-CA-403-DAE** |
| **TDCJ No. 1523604,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER DISMISSING AND DENYING RULE 60(b) MOTION

The matter before the Court is petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, filed January 5, 2015 (ECF no. 21). For the reasons set forth below, petitioner's motions will be denied on the merits and dismissed as untimely.

## I. Background

As explained by the Magistrate Judge in his Memorandum and Recommendation issued June 18, 2013 (ECF no. 2), Petitioner filed this federal habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the loss of good time credits Petitioner received pursuant to state statute after he filed two § 1983 civil rights actions in this Court, which were both dismissed as frivolous. Those civil rights lawsuits were docketed as cause numbers SA-08-CA-743-XR, styled *Gutierrez v. Tafolla, et a.,* and SA-11-CA-431-OG, styled *Gutierrez v. City of San Antonio Magistrate Office Administrators, et al.* This Court incorporates herein by reference the factual

findings and legal conclusions contained in the Magistrate Judge's Memorandum and Recommendation issued June 18, 2013, in this cause (ECF no. 2).

In his Memorandum and Recommendation issued June 18, 2013, the Magistrate Judge recommended denial of Petitioner's claims for federal habeas corpus relief and denial of a Certificate of Appealability. Petitioner filed objections thereto (ECF no. 6). In an Order issued December 11, 2013 (ECF no. 7), this Court adopted the Magistrate Judge's findings and conclusions, denied federal habeas corpus relief, and denied Petitioner a Certificate of Appealability. Petitioner sought leave to proceed in forma pauperis on appeal, and this Court denied that request in an Order issued May 18, 2014 (ECF no. 16). Petitioner appealed, which the Fifth Circuit dismissed in an unpublished Order issued in March, 2014 (5th Cir. no. 14-50019) for failure to prosecute and failure to pay the appellate filing fee (ECF no. 19).

## II. Motion for Relief from Judgment Under Rule 60(b)

In his Rule 60(b) motion, filed January 5, 2015 (ECF no. 21), Petitioner once more argues that this Court erroneously dismissed his two § 1983 actions as frivolous, which in turn triggered the statutory sanctions set forth in Section 498.0045 of the Texas Government Code.[1] Petitioner also argues that (1) this Court erroneously denied Petitioner both a Certificate of Appealability and leave to proceed in forma pauperis on appeal following denial of his claims for federal habeas corpus relief in this cause, and (2) the Fifth Circuit erroneously dismissed Petitioner's appeal from this Court's Judgment in this cause.

---

[1] Section 498.0045 of the Texas Government Code provides in pertinent part that the Texas Department of Criminal Justice must forfeit good conduct time credits earned by Texas inmates who have filed multiple legal actions which have been dismissed as frivolous or malicious by a state or federal court. Petitioner alleges that, following dismissal by this Court of his second civil rights action filed in this Court as frivolous, he sustained a loss of sixty days of good conduct time credits.

### III. Analysis of Petitioner's Rule 60(b) Motion

A.    <u>Standard for Relief Under Rule 60(b)</u>

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Such a motion must be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.2 (2005); Fed.R.Civ.P. 60(c)(1).

A Rule 60(b) motion which attacks not the federal district court's ruling on the merits of a federal habeas claim, but instead challenges only the federal district court's refusal to address the merits of a claim due to findings of procedural default, the expiration of the AEDPA's limitations period, or some other procedural impediment to merits disposition, may proceed without pre-certification under 28 U.S.C. § 2244(b)(3). *See Gonzalez*, 545 U.S. at 533-38 (holding that, if neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, the motion may proceed to resolution); *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir.) ("A Rule

60(b) directed to a procedural ruling that barred consideration of the merits, such as a procedural default, is not considered a 'successive' petition and is properly brought as a Rule 60(b) motion."), *stay of execution and cert.* denied, 134 S. Ct. 1022 (Jan. 22, 2014); *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir.) (holding a motion challenging only the federal district court's conclusion that Petitioner had procedurally defaulted on a claim was properly before the district court pursuant to Rule 60(b)), *stay of execution denied*, 132 S. Ct. 1995 (2012). Because Petitioner's Rule 60(b) motion in this cause attacks this Court's summary dismissal of Petitioner's federal habeas corpus petition as untimely, Petitioner may proceed without pre-certification under 28 U.S.C. § 2244(b)(3).

A Rule 60(b)(6) movant is required to show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez*, 545 U.S. at 535; *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir.), *cert.* denied, 134 S. Ct. 48 (2013); *Adams*, 679 F.3d at 319. "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535; *Diaz*, 731 F.3d at 374; *Adams*, 679 F.3d at 319. A change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment under Rule 60(b)(6). *Diaz*, 731 F.3d at 375-76; *Adams*, 679 F.3d at 319.

Petitioner does not allege any specific facts sufficient to bring his arguments within the context of subdivisions (1) through (5) of Rule 60(b). Therefore, this Court will liberally construe Petitioner's pro se Rule 60(b) motion as seeking relief pursuant to Rule 60(b)(6).

B.    Petitioner's Rule 60(b) Motion is Untimely

Petitioner's Rule 60(b) motion was not filed with a reasonable time, as required by Rule 60(c)(1). This Court denied Petitioner's original federal habeas corpus action on December 11,

4

2013.  Petitioner's Rule 60(b) motion (ECF no. 21) was signed December 29, 2014, and received by this Court on January 5, 2015.  Petitioner's Rule 60(b) motion seeks to litigate the substance of his federal habeas corpus claims, which this Court denied on the merits.

Petitioner waited to file his Rule 60(b) motion until more than a year after this Court denied Petitioner's federal habeas corpus petition.  All of the arguments raised in Petitioner's Rule 60(b) motion were available to Petitioner at the time this Court denied Petitioner's federal habeas corpus petition on the merits.  Petitioner does not identify any new legal opinions or legal authorities unavailable at the time this Court denied his federal habeas corpus petition which furnish a new legal basis for rejecting this Court's analysis of the lack of arguable merit contained in Petitioner's federal habeas corpus petition in this cause.  The more than one-year delay between the date of this Court's judgment and the filing of Petitioner's Rule 60(b) motion is not justified by any rational explanation currently before the Court.

Under such circumstances, Petitioner's Rule 60(b) motion was not brought within a reasonable time.  *See Tamayo v. Stephens*, 740 F.3d at 991 (holding a Rule 60(b) motion filed eight months after the Supreme Court's decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), in which the movant sought retroactive application of the Supreme Court's holding in *McQuiggin*, was untimely under Rule 60(c)(1)).  Here, there is no factual allegation showing Petitioner, despite the exercise of due diligence, was unable to present the same arguments raised in his Rule 60(b) motion at the time this Court issued its ruling denying Petitioner's federal habeas corpus petition on the merits.  Petitioner's Rule 60(b) motion therefore must be dismissed as untimely.

C.      Petitioner's Arguments in His Rule 60(b) Motion Lack Merit

Petitioner's Rule 60(b) motion is little more than another attempt by Petitioner to re-litigate the merits of this Court's dismissals of Petitioner's two § 1983 actions discussed above. Petitioner's Rule 60(b) motion simply re-argues Petitioner's federal habeas corpus petition, which this Court previously denied on the merits. Rule 60(b) is not available to re-litigate the merits federal habeas corpus claims which were denied on the merits. Petitioner's Rule 60(b) motion is effectively indistinguishable from an allegation that Petitioner is entitled to federal habeas corpus relief, and is therefore not a proper 60(b) motion. *See Gonzalez*, 545 U.S. at 532 ("A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." (footnote omitted)); *Adams*, 679 F.3d at 319 (recognizing a Rule 60(b) motion is valid only insofar as it attacked purely procedural and not substantive rulings made by the federal district court); *Hernandez v. Thaler*, 630 F.3d at 427 (holding that a federal habeas Petitioner may not employ Rule 60(b) to present new claims for relief from a state court's judgment or to attack the federal court's previous resolution of a claim on the merits).

D.      Petitioner Has Failed to Show "Extraordinary Circumstances"

Petitioner has not identified any "extraordinary circumstances" which warrant reconsideration under Rule 60(b)(6) of this Court's conclusion that Petitioner's federal habeas corpus petition was untimely. The Supreme Court's opinion in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), holding that "a credible showing of actual innocence" may permit a

6

Petitioner to overcome a procedural bar to relief such as the AEDPA's limitations period, is of little solace to Petitioner. Petitioner has failed to allege any specific facts establishing "a credible showing" he is actually innocent of the crimes to which he entered his guilty pleas. Even when construed liberally, Petitioner's conclusory protests of actual innocence do not satisfy the standard for showing "actual innocence" necessary under *McQuiggin.* Petitioner identifies no evidence showing he is actually innocent of any of the charges to which he pleaded guilty. Petitioner has failed to allege any facts showing the existence of exceptional circumstances warranting relief under Rule 60(b)(6).

## IV. Certificate of Appealability

Under the AEDPA, before a Petitioner may appeal the denial of a habeas corpus petition filed under § 2254, the Petitioner must obtain a certificate of appealability ("COA"). *Miller-El v. Johnson*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. §2253(c)(2). Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a COA is granted. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding a COA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000) (holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted). A COA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to only those issues on which a COA is granted. *Crutcher v. Cockrell*, 301 F.3d at 658 n.10; *Lackey v. Johnson*, 116 F.3d at 151; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

A COA will not be granted unless the Petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). To make such a showing, the Petitioner need *not* show he will prevail on the merits, but must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard*, 542 U.S. at 282; *Miller-El*, 537 U.S. at 336. This Court is required to issue or deny a COA when it enters a final Order such as this one adverse to a federal habeas Petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts*. This Court denied Petitioner a COA the first time Petitioner presented this Court with his complaints about the validity of his guilty pleas. The Fifth Circuit likewise found Petitioner was not entitled to a CoA.

The showing necessary to obtain a COA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the Petitioner must demonstrate that reasonable jurists could find the court's assessment of the constitutional claim to be debatable or wrong. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (*quoting Slack v. McDaniel*, 529 U.S. at 484). When the Petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the Petitioner must

8

show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* whether this Court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

Reasonable minds could not disagree with this Court's conclusion Petitioner's Rule 60(b) motion is untimely. Likewise, reasonable minds could not disagree with this Court's rejection on the merits of Petitioner's Rule 60(b) motion. Petitioner's motion raises only substantive challenges to this Court's denial of federal habeas corpus relief, not procedural challenges. Furthermore, Petitioner offers no new evidence, no new facts, nor any new legal arguments suggesting he is entitled to federal habeas corpus relief. Reasonable minds could not disagree with this Court's conclusion Petitioner has failed to demonstrate "exceptional circumstances" exist which warrant relief from the Judgment in this cause under Rule 60(b)(6). Petitioner is not entitled to a CoA from this Court's denial of petitioner's Rule 60(b) motion.

## V. ORDER

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Rule 60(b) motion for relief from judgment, filed January, 5, 2015 (ECF no. 21) is **DISMISSED as untimely and, alternatively, in all respects DENIED**.

2. Petitioner is **DENIED** a Certificate of Appealability with regard to both the dismissal and denial of his Rule 60(b) motion.

9

**IT IS SO ORDERED**.

**DATE:** March 30, 2015, San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge